## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

AL CORNELIUS TOOKS, JR.,

     Petitioner,

v.                                 Case No. 3:21-cv-925-LC/MJF

WARDEN, FCI FORT DIX,[1]

     Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner Al Cornelius Tooks, Jr., proceeding *pro se*, initiated this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1. The undersigned respectfully recommends that Tooks's petition be dismissed for lack of jurisdiction because he is seeking to challenge his conviction and sentence from the Southern District of Florida.[2]

---

[1] When Tooks filed his section 2241 petition, Tooks was confined at Federal Correctional Institution – Fort Dix, in New Jersey. Doc. 1 at 1. Sometime before June 17, 2021, the Bureau of Prisons transferred Tooks to Federal Prison Camp – Pensacola. Doc. 14. On July 26, 2021, the United States District Court for the District of New Jersey granted Tooks's motion to transfer this action to the Northern District of Florida. Doc. 18.

[2] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

## I. BACKGROUND

### A.   Tooks's Conviction and Sentence

In 2015, in the United States District Court for the Southern District of Florida, a grand jury charged Tooks with two counts of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). *United States v. Tooks*, No. 0:15-cr-60216, Indictment, ECF No. 13 at 1-2 (S.D. Fla. Sept. 1, 2015).[3] The controlled substance in question was ethylone. *Id.*

On December 17, 2015, Tooks pleaded guilty to one count, and the government dismissed the other count. *Tooks*, Plea Agreement/Factual Proffer Statement, ECF No. 33 at 1, 9 (S.D. Fla. Dec. 17, 2015); Doc. 1-2 at 3. On March 8, 2016, a district judge sentenced Tooks to 151 months of imprisonment and three years of supervised release. *Tooks*, Judgment, ECF No. 44 at 1-3 (S.D. Fla. Mar. 9, 2016).

---

[3] The undersigned takes judicial notice of the documents filed in the United States District Court for the Southern District of Florida. Under Federal Rule of Evidence 201(b), a court may take "judicial notice of facts that are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999). The parties should have received copies of these documents. Regardless, the documents can be obtained from the clerk of the respective court. Documents filed in Tooks's criminal case and with his section 2255 motion are delineated "ECF No. __." Documents filed in the instant case are referenced as "Doc. __."

**B.    Tooks's Section 2255 Motion**

On March 14, 2017, in the Southern District of Florida, Tooks filed a motion

to vacate his sentence under 28 U.S.C. § 2255. *Tooks v. United States*, No. 17-60573-

CIV-ALTONAGA/White, Motion to Vacate, ECF No. 1 (S.D. Fla. Mar. 20, 2017);

Doc. 1-2 at 3. On August 31, 2017, Tooks filed an amended section 2255 motion.

*Tooks*, Amended Motion to Vacate, ECF No. 9 (S.D. Fla. Aug. 31, 2017).

In his amended section 2255 motion, Tooks raised three claims of ineffective

assistance of counsel. *Id.* at 5-9. On December 6, 2018, a magistrate judge

recommended that Tooks's section 2255 motion be denied on the merits. *Tooks*,

Report and Recommendations, ECF No. 18 (S.D. Fla. Dec. 6, 2018). On January 9,

2019, the district court adopted the magistrate judge's report and recommendation

and denied Tooks's section 2255 motion. *Tooks*, Order, ECF No. 20 (S.D. Fla. Jan.

9, 2019).

**C.    Tooks's Section 2241 Motion**

On August 5, 2019, Tooks filed a petition under 28 U.S.C. § 2241 and a

supporting memorandum of law. Docs. 1, 1-2. In his petition, Tooks asserts that his

conviction for possessing with intent to distribute a controlled substance—

ethylone—should be vacated in light of the Eleventh Circuit's holding in *United*

*States v. Phifer*, 909 F.3d 372 (11th Cir. 2018). Doc. 1 at 6. According to Tooks,

*Phifer* held that ethylone is not a Schedule I controlled substance because ethylone is not a "positional isomer" under the Controlled Substances Act. Doc. 1-2 at 8-11.

## II. DISCUSSION

Tooks argues that he is permitted to file this case under section 2241 because a motion to vacate under section 2255 is "ineffective and inadequate" to challenge the validity of his conviction. Doc. 1 at 5, ¶ 10(c); Doc. 1-2 at 8-9. Because this issue is jurisdictional, the undersigned must consider whether this action is properly styled as a habeas petition under section 2241 or whether it is more appropriately considered a second motion to vacate under section 2255. *Amodeo v. FCC Coleman – Low Warden*, 984 F.3d 992, 997 (11th Cir. 2021) (noting that "[a] district court can exercise jurisdiction over a federal prisoner's [section] 2241 petition only if the saving clause of [section] 2255(e) applies"); *Samak v. Warden, FCC Coleman-Medium*, 766 F.3d 1271, 1273 (11th Cir. 2014) (per curiam) (noting that the saving clause "imposes a subject-matter jurisdictional limit on [section] 2241 petitions").

The habeas remedy is codified in 28 U.S.C. § 2241(c)(3), which provides that the writ of habeas corpus shall not extend to a federal prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2241 is an avenue by which a federal prisoner can challenge the execution of his sentence. *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1089 (11th Cir. 2017) (en banc). This includes

challenges to the administration of parole, prison disciplinary actions, prison transfers, and certain types of detention. *See Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008); *Thomas v. Crosby*, 371 F.3d 782, 810 (11th Cir. 2004); *Bishop v. Reno*, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000).

A motion under section 2255, in contrast, provides an avenue for a federal prisoner to challenge his conviction and sentence and to request that the sentencing court "vacate, set aside or correct the sentence." 28 U.S.C. § 2255. Once a federal prisoner files a section 2255 motion, he may file a second section 2255 motion only if the prisoner produces newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the prisoner guilty of the offense, or when the Supreme Court announces, and makes retroactive to cases on collateral review a new rule of constitutional law that was previously unavailable. *Id.* § 2255(h); *In re Wright*, 942 F.3d 1063, 1064 (11th Cir. 2019) (noting that a second section 2255 motion is available only when one of section 2255(h)'s prongs is satisfied).

Generally, a federal prisoner may not circumvent the procedural limitations on section 2255 motions simply by claiming that the habeas petition is brought under section 2241. Section 2255, however, allows a prisoner to challenge the legality of his sentence under section 2241 if he can show that a section 2255 motion would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e);

*McCarthan*, 851 F.3d at 1081. Under this so-called "saving clause," a section 2255 motion is "inadequate or ineffective" in only three circumstances: (1) when raising claims challenging the execution of a sentence; (2) when "the sentencing court is unavailable or dissolved"; or (3) when "practical considerations like 'multiple sentencing courts' prevent a federal prisoner" from filing a motion to vacate. *Amodeo*, 984 F.3d at 999-1000 (citing *McCarthan*, 851 F.3d at 1092-93). "The burden of demonstrating the inadequacy or ineffectiveness of the [section] 2255 remedy rests squarely on the petitioner." *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1333 (11th Cir. 2013).

Tooks's section 2241 petition unambiguously challenges the validity of his conviction. In his petition and supporting memorandum, Tooks asserts that his conviction should be reversed because, given new Eleventh Circuit precedent interpreting the Controlled Substances Act, he is "actually innocent" of the crime to which he pleaded guilty. Doc. 1 at 6, ¶ 13; Doc. 1-2 at 12. Thus, unless section 2255(e)'s saving clause applies, Tooks's section 2241 petition must be dismissed for lack of jurisdiction. *See Amodeo*, 984 F.3d at 997; *Samak*, 766 F.3d at 1273.

Tooks contends that the saving clause applies to his section 2241 petition because a new interpretation of statutory law, which "proves his actual innocence," arose after he filed his section 2255 motion. Doc. 1-2 at 8 (citing *Phifer*, 909 F.3d 372). Because section 2255 limits the circumstances under which a federal prisoner

can file a second motion to vacate under section 2255, neither of which are present

here, Tooks argues that a section 2255 motion would be "ineffective and inadequate

to test the legality of his detention." *Id.* at 9-11.

The Eleventh Circuit, however, has expressly rejected such an argument.

*McCarthan*, 851 F.3d at 1086 (noting that whether circuit precedent "was once

adverse to a prisoner has nothing to do with whether his motion to vacate his

sentence is 'inadequate or ineffective'" under section 2255) (citation and quotation

marks omitted). The Eleventh Circuit recently reaffirmed this holding:

> [W]e held that McCarthan's [new statutory-interpretation] claim did
> not fit within the narrow exception provided by the saving clause, even
> though the claim would have failed had he raised it in his initial
> [section] 2255 motion to vacate, and even though it would have been
> barred had he attempted to raise it in a second or successive motion to
> vacate . . . .

*Amodeo*, 984 F.3d at 1000. Put simply, circuit precedent providing a new

interpretation of statutory law does transform a motion under section 2255 into an

"inadequate or ineffective" means by which a prisoner may "test the legality of his

detention." *McCarthan*, 851 F.3d at 1099-1100 (rejecting a section 2241 petition that

relied on a new interpretation of statutory law to challenge the validity of the

prisoner's conviction).

When Tooks filed his section 2255 motion on March 14, 2017, he could have

argued that ethylone was not a "positional isomer" under the Controlled Substances

Act. Because Tooks failed to raise that argument then, however, he cannot now raise

it in a section 2241 petition. *Tooks v. United States*, No. 17-60573-CIV-ALTONAGA/White, Amended Motion to Vacate, ECF No. 9 (S.D. Fla. Aug. 31, 2017). Thus, Tooks's section 2241 petition does not fall within section 2255(e)'s saving clause, and the District Court lacks jurisdiction to adjudicate Tooks's petition.

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1.     **DISMISS** Tooks's habeas petition under 28 U.S.C. § 2241, Doc. 1, without prejudice for lack of jurisdiction.

2.     Order the clerk of the court to close the case file.

At Pensacola, Florida, this 16th day of November, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be**

**heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**