UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

AL CORNELIUS TOOKS, JR.,

    Petitioner,

v.                                        CASE NO. 3:21cv925-LC-MJF

WARDEN, FCI FORT DIX,

    Respondent.
_____/

## ORDER

This case involves a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 by Petitioner Al Cornelius Tooks, Jr., a federal prisoner proceeding *pro se*. Tooks claims that he is actually innocent of the crime for which he was convicted—possession with intent to distribute ethylone—based on a subsequent Eleventh Circuit decision, *United States v. Phifer*, 909 F.3d 372 (11th Cir. 2018).[1] On November 16, 2021, the magistrate judge entered a Report and Recommendation ("R&R"), recommending dismissal of the petition for lack of jurisdiction because Tooks's claim of actual innocence based on a subsequent change of law does not lie within the savings clause of 28 U.S.C. § 2255(e) and thus is not properly raised in a

---

[1] As Tooks reads the case, the court in *Phifer* decriminalized his offense conduct, concluding that ethylone is not a "positional isomer" under the Controlled Substances Act, and he argues that based on this authority, he should be released.

§ 2241 petition.[2] *See* ECF No. 21. In reaching this conclusion, the magistrate judge applied now settled Eleventh Circuit precedent, as articulated in *McCarthan v. Director of Goodwill Industries-Suncoast, Inc.*, 851 F.3d 1076, 1099 (11th Cir. 2017) (*en banc*) (holding the savings clause extends only to claims that cannot be effectively remedied under § 2255, even if the claim would have failed under circuit precedent at the time of conviction), and *Amodeo v. FCC Coleman-Low Warden*, 984 F.3d 992 (11th Cir. 2021) (holding the savings clause does not extend to an actual innocence claim because § 2255 provides an effective remedy). No timely objections were received by the Court, and on December 17, 2021, the undersigned adopted the R&R and entered judgment dismissing the petition.

Now pending is Tooks's "Motion for Extension of Time to File Objections to Report and Recommendation" and his objections received by this Court on December 20, 2021, ECF Nos. 27, 28; as well as his "Motion to Re-Open Proceedings and Expedite Ruling Based on Timely Objections," ECF No. 29, docketed on January 19, 2022. Tooks requests that the Court deem his objections

---

[2] Pursuant to § 2255(e), a motion to vacate, set aside, or correct a sentence may not be entertained if the applicant failed to file the motion in the court that sentenced him or if the sentencing court has denied the applicant relief, "*unless* it also appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). A claim within this "saving clause" may be brought through a § 2241 habeas petition.

timely because he did not receive the R&R until December 8, 2021, which was after the 14-day objection period had expired. He then prepared his objections and placed them into the prison mail system on December 13, 2021, which was within 14 days from the date he received the R&R. The Court agrees that under these circumstances, it is appropriate to deem the objections as timely filed, vacate the prior adopting order and judgment, ECF Nos. 25, 26, and enter a new ruling after *de novo* review of the R&R and full consideration of the objections.

Tooks objects to the conclusion reached by the magistrate judge, arguing: (1) that the magistrate judge incorrectly applied the Eleventh Circuit's legal standard for determining whether his claim satisfied the saving clause of § 2255(e); (2) that applying the correct legal standard—that of the Third or Fourth Circuit—compels a finding that his case falls within the savings clause of § 2255(e); and (3) that the Eleventh Circuit's legal analysis in *McCarthan* is flawed, and this Court should carve out a "narrow exception" to existing § 2255(e) jurisprudence, similar to the law in other circuits. Alternatively, Tooks requests that the Court transfer his case to the district of his current confinement in North Carolina.

There is no objection to the procedural background as stated in the R&R, and it will be adopted and incorporated here by reference. It is sufficient to note that the case was originally filed in New Jersey, when Tooks was housed at the Federal

Page 4 of 9

Correctional Institution in Fort Dix, New Jersey; that the case was transferred to this District when the government moved Tooks to the Federal Prison Camp in Pensacola, Florida; and that at some point apparently after the R&R was filed, Tooks was transferred to the Federal Correctional Institution Butner Low, at Butner, North Carolina.

Reviewing the magistrate judge's analysis and the objections *de novo*, the Court finds no error. In *McCarthan,* the Eleventh Circuit sitting *en banc* concluded that § 2255 motion is "inadequate or ineffective to test the legality of a prisoner's detention only when it cannot remedy a particular kind of claim," 851 F.3d at 1099, that is, a claim that would not be "cognizable" in a § 2255 motion, *id.* at 1088–90. The court identified the following limited circumstances in which § 2255 would be inadequate and the savings clause would apply: (1) a challenge concerning "the deprivation of good time credits or parole determinations;" (2) a challenge arising "when the sentencing court is unavailable," such as where the sentencing court itself has been dissolved; or (3) where "practical considerations (such as multiple sentencing courts) might prevent a petitioner from filing a motion to vacate." *Id*. at 1092–93. Notably, a claim challenging the interpretation of a statute or circuit precedent or asserting actual innocence is not listed as within the scope of the savings clause because such a claim is cognizable under § 2255. *See id.* at 1099 (finding

CASE NO. 3:21cv925-LC-MJF

McCarthan's claim that escape is not a violent felony, based on a change in precedent, "is cognizable under section 2255"); *see also Amodeo*, 984 F.3d at 1003 (cautioning against equating cognizability with merit; concluding the savings clause does not apply to an actual innocence claim for which § 2255 is not an "inadequate" remedy). The Eleventh Circuit explained: "Even if a prisoner's claim fails under circuit precedent, a [§ 2255] motion to vacate remains an adequate and effective remedy for a prisoner to raise the claim and attempt to persuade the court to change its precedent, and failing that, to seek certiorari in the Supreme Court."[3] *Id.* at 1099. While acknowledging that other circuits have decided the issue differently and would find a claim based on a subsequent change in law as within the scope of the savings clause, the Eleventh Circuit disagreed, selecting instead an analysis that hews close to the statutory text of § 2255(e).[4] *Id.* ("being faithful to the text of the saving clause makes our task simple, predictable, and sensible").

---

[3] The Eleventh Circuit further explained that when circuit precedent forecloses a claim "it may very well mean *circuit law* is inadequate or deficient. But that does not mean the § 2255 remedial vehicle is inadequate or ineffective to the task of *testing* the argument." *McCarthan*, 851 F.3d at 1089 (emphasis in original) (quoting *Prost v. Anderson*, 636 F.3d 578, 590 (10th Cir. 2011)).

[4] *Compare Jones v. Hendrix*, 8 F.4th 683, 687 (8th Cir. 2021) (following the Eleventh Circuit in *McCarthan*) and *Prost v. Anderson*, 636 F.3d 578, 580 (10th Cir. 2011) (Gorsuch, J.) (cited favorably by the Eleventh Circuit in *McCarthan*), *with Bourgeois v. Watson*, 977 F.3d 620, 637 (7th Cir. 2020) (holding, "the savings clause affords relief in limited circumstances to federal prisoners who rely on retroactive statutory-interpretation cases that postdate their § 2255 motions"); *accord. Hueso v. Barnhart,* 948 F.3d 324, 332-33 (6th Cir. 2020); *Harrison v. Ollison,*

Here, the magistrate judge correctly concluded, consistent with the decisions in *McCarthan* and *Amodeo*, that Tooks presents a claim outside the scope of the savings clause. He could have challenged whether ethylone was a "positional isomer" under the Controlled Substances Act within a § 2255 motion, which was an effective remedy. Accordingly, the claim is not properly brought through a § 2241 petition, and it must be dismissed.[5] To the extent Tooks argues that *McCarthan* was wrongly decided or that the law of the Third or Fourth Circuits should apply when considering whether his claim is properly raised in a § 2241 petition, the Court rejects the arguments out-of-hand. This Court is bound to follow the established precedent of the Eleventh Circuit, which has squarely addressed the issue and plainly rejected the analysis of other circuits—including that of the Third Circuit and Fourth Circuit—on the scope of the savings clause.

Tooks alternatively requests a transfer of his case to the District Court in North Carolina, where he is currently in custody and where Fourth Circuit law governs.

---

519 F.3d 952, 959 (9th Cir. 2008); *In re Smith,* 285 F.3d 6, 8 (D.C. Cir. 2002); *Jiminian v. Nash,* 245 F.3d 144, 147 (2d Cir. 2001); *Reyes-Requena v. United States,* 243 F.3d 893, 903-04 (5th Cir. 2001); *In re Jones,* 226 F.3d 328, 333-34 (4th Cir. 2000); *In re Dorsainvil,* 119 F.3d 245, 251 (3d Cir. 1997).

[5] The petitioner bears the burden to establish that the savings clause applies. *McCarthan*, 851 F.3d at 1081; *Padgett v. Warden, USP Atlanta*, 745 F. App'x 859, 862 (11th Cir. 2018) ("The applicability of the saving clause is a threshold jurisdictional issue."). A second or successive § 2255 motion may only proceed if certified by the Eleventh Circuit. *See* 28 U.S.C. § 2255(h).

CASE NO. 3:21cv925-LC-MJF

The court has discretion to either dismiss the petition or transfer it to the proper district if a transfer is in the interest of justice. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 465–67 (1962) (citing 28 U.S.C. § 1406(a)).

The Court declines the request to transfer as not in the interest of justice. Although, under Fourth Circuit law, a claim based on a subsequent change in the law decriminalizing the offense conduct is considered within the scope of the savings clause, *see In re Jones*, 226 F.3d 328, 334 (4th Cir. 2000), Tooks's claim would nonetheless be futile. The Fourth Circuit would evaluate the claim by applying "the substantive law of the circuit where [the] petitioner was convicted," *see Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019), which in this case is the Eleventh Circuit. However, Tooks has not accurately characterized the decision in *Phifer*. Contrary to his argument, the Eleventh Circuit did not conclude that possession of ethylone is not criminal conduct under the Controlled Substances Act, nor did it declare that the statute is ambiguous or that ethylone is not a "positional isomer." Instead, the court identified a regulatory ambiguity requiring expert testimony in the case before it in order to lay a foundation for a legal determination (which was never reached).[6] *See Phifer*, 909 F.3d at 385 (stating, "we cannot ascertain on this record

---

[6] "*Phifer* does not stand for the proposition that the general definition of positional isomers is ambiguous." *Reason v. United States*, No. 16-14002-CR, 2020 WL 8265798, at *5 (S.D. Fla.

CASE NO. 3:21cv925-LC-MJF

Page 8 of 9

whether at the time of Phifer's actions, the language of the regulations unambiguously prohibited possession with intent to distribute ethylone;" and concluding, "it is for the jury to decide whether ethylone satisfies all of the generally accepted definitions of a 'positional isomer'"). Absent any authority in this Circuit decriminalizing Tooks's offense conduct, a transfer would be futile and therefore not in the interest of justice.

Accordingly:

1. The Motion for Extension of Time to File Objections to Report and Recommendation, ECF No. 27, and Motion to Reopen Proceeding and Expedite Ruling Based on Timely Objections, ECF No. 29, are **GRANTED**. The Clerk is directed to **VACATE** the previously filed adopting order ECF No. 25, and the

---

Oct. 29, 2020) (finding the Eleventh Circuit in *Phifer* resolved only a procedural question in a circumstance where the trial court had solely relied on the definition of "positional isomer"), *report and recommendation adopted*, No. 2:16-CR-14002, 2021 WL 256376 (S.D. Fla. Jan. 26, 2021), *appeal dismissed*, No. 21-10457-D, 2021 WL 1962488 (11th Cir. Apr. 13, 2021). The Court has identified no cases in which habeas or § 2255 relief has been granted on the basis of *Phifer* or a finding that ethylone has been decriminalized. Also, it has been noted that "courts have consistently accepted ethylone to be a positional isomer of butylone, even when still only listed on the list of temporary controlled substances." *United States v. Wright*, 515 F. Supp. 3d 277, 283 (M.D. Pa. 2021) (citing *United States v. Kelly*, 874 F.3d 1037, 1045 (9th Cir. 2017) ("It is undisputed here that ethylone is a positional isomer of butylone"); *Bah v. Barr*, 950 F.3d 203, 205 (4th Cir. 2020) (explaining in an immigration appeal, considering an underlying 2015 conviction, that "[i]t is undisputed that ethylone, a positional isomer of butylone, qualifies as a Schedule I controlled substance under federal law, as does MDMA.")).

CASE NO. 3:21cv925-LC-MJF

judgment entered on December 17, 2021, ECF No. 26.  The case is reopened for the purpose of considering the Petitioner's objections.

2. Having fully considered the Report and Recommendation and having reviewed the objections and applicable law *de novo*, the Court **ADOPTS** the Report and Recommendation, ECF No. 21, and incorporates it herein in its entirety.

3. The § 2241 petition is **DISMISSED**, and the alternate request for transfer is **DENIED**.

4. The Clerk is directed to close the file.

**DONE AND ORDERED** this 17th day of February 2022.

*s/ L.A. Collier*
**LACEY A. COLLIER**
**SENIOR UNITED STATES DISTRICT JUDGE**

CASE NO. 3:21cv925-LC-MJF